IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN M. HARDIMON and <br> SARAH Z. McBRIDE, <br><br>                 Plaintiffs, <br><br> vs. <br><br> LARRY O. BROCKMAN <br> and JAMES P. STIEHL, <br><br>                 Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 11-cv-0384-MJR-PMF <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

On May 10, 2011, John M. Hardimon filed four pro se civil lawsuits in this District Court using a form designated "Pro Se Civil Rights Complaint (Non-Prisoner)" and listing two Plaintiffs: (1) himself and (2) his wife, Sarah McBride. One of the four cases is the above-captioned action. Along with the complaint in each case, Hardimon filed a motion seeking leave to proceed in forma pauperis (without prepaying fees or costs) and a motion for appointment of counsel. This case comes now before the undersigned Judge for threshold subject matter jurisdiction review and on Hardimon's request for leave to proceed in forma pauperis ("IFP").[1]

---

[1] Although the complaint lists two plaintiffs, the Court refers to Hardimon in the singular in several places herein, because Hardimon alone signed the complaint and motions (*see* Doc. 1, p. 8, Doc. 2, p. 2). Additionally, Hardimon worded the motions as if they were filed only by him (e.g., "I owe approximately …") and checked the box reflecting his level of education attained "post-graduate," without providing information for Plaintiff McBride.

pg. 1

"Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."  ***Winters v. Fru-Con, Inc.*, 498 F.3d 734, 740 (7th Cir. 2007),** *quoting* ***McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005), and** *citing* ***Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).**  So, when a new lawsuit is filed in this Court, the complaint must be examined to make sure that federal subject matter jurisdiction lies over the lawsuit.

Additionally, if the plaintiff wants to proceed in forma pauperis (as do Plaintiffs here), the district court must screen the complaint and dismiss with prejudice any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted.  *See* **28 U.S.C. § 1915(e)(2);** *Gladney v. Pendleton Corr. Facility*, **302 F.3d 773 775 (7th Cir. 2002),** *cert. denied,* **538 U.S. 910 (2003).**

More specifically, 28 U.S.C. § 1915(a)(1) authorizes a federal district court to allow a civil case to proceed without prepayment of fees, if the movant submits an affidavit that includes a statement of all assets he possesses which demonstrates that he is unable to pay the fees or give security therefor.  However, 28 U.S.C. § 1915(e)(2) requires this Court to carefully scrutinize the IFP motion and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious[2], (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief.  *Id.*

---

[2] As to frivolity -- if a suit filed IFP is irrational or delusional, § 1915(e) requires the district court to dismiss it.  And if the allegations of the complaint are so fanciful that they fail to engage the court's subject matter jurisdiction, the dismissal should be without prejudice.  *See Gladney,* **302 F.3d at 774;** *African-American Slave Descendants Litig.*, **471 F.3d 754, 758 (7th Cir. 2006).**

This lawsuit fails to clear threshold review. Named as Defendants in this suit are two lawyers, Larry Brockman and James Stiehl, who represented Dr. Hardimon from late December 2009 through July/August 2010, in connection with an investigation into the billing practices of Dr. Hardimon (a licensed chiropractor) and criminal charges later filed in this Court against Dr. Hardimon for health care fraud. ***See United States v. John Hardimon, Case No. 10-cr-30170-MJR.*** The complaint articulates (and the Court can divine) no basis for federal subject matter jurisdiction. Given the fact there are Illinois citizens as both Plaintiffs and Defendants, diversity jurisdiction does not lie under 28 U.S.C. § 1332, and the Court cannot wrestle the complaint's allegations into any claim supporting federal question jurisdiction under 28 U.S.C. § 1331.

The form complaint used by Plaintiffs references federal question jurisdiction based on "civil rights" violations, but Plaintiffs supplied no allegations fitting that description *against the named Defendants* (attorneys Brockman and Stiehl). Nor can the Court discern any other basis in this complaint against these two Defendants for federal question jurisdiction, which exists only if the plaintiff's right to relief was created by or depends on a *federal* statute or constitutional provision. ***See, e.g., Williams v. Aztar Indiana Gaming Corp., 351 F.3d 294, 298 (7th Cir. 2003).*** Clearly, federal question jurisdiction "arises only when the complaint standing alone 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" ***Id.,***

*citing Minor v. Prudential Securities, Inc.,* **94 F.3d 1103, 1105 (7th Cir. 1996), and** *quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* **463 U.S. 1, 27-28 (1983).**

The "Statement of Claim" section of the complaint consists of a rambling, disjointed, single-spaced diatribe chock-full of exclamation marks and rants on two subjects: (1) the perceived failings of Dr. Hardimon's original retained counsel in the criminal case (after whom he hired and discharged additional attorneys); and (2) the allegedly improper conduct of FBI Agents, investigators, and Blue Cross Blue Shield ("the "major player in this investigation," Doc. 1, p. 6) in the criminal case.

As to the first issue, the complaint alleges that attorneys Brockman and Stiehl gave him bad advice, shared too much information with Government counsel, "withheld evidence" from Hardimon, made "deals" with the Government, and "stole" funds which should have been wired to the next set of attorneys to enter an appearance for Hardimon in the criminal case.

For instance, the complaint alleges (Doc. 1, p. 7, sic): "The quality of service Mr. Brockman and James Stiehl provided to me and my family was detrimental to our lifestyle, our physical and mental well-being, and a 'blemished' image of the family to the community…. I have known Mr. Larry Brockman personally for over 25 years. I believe that he used this bond to his advantage to keep trusting him while the charges were building up, to make decisions for me that were not presented to me nor made me aware of." The complaint also alleges (Doc. 1, p. 5, sic): "I was meeting with both attorneys 2-3 times a week in January and February, but they did not fill me in on any details they had when they met with the various federal agents or with the US

attorneys office…. In March and April, I would get a biweekly call from Larry [Brockman] and he would always be talking about SENTENCING!" Plaintiffs seek $75,000 in compensatory damages, $1,000,000 in punitive damages, and a jury trial (Doc. 1, p. 8).

Neither Brockman nor Stiehl ever entered an appearance in the criminal case in this Court (their service predated the October 2010 charges against Dr. Hardimon in *U.S. v. Hardimon,* Case No. 10-cr-30170-MJR). So it is hard to imagine how Hardimon could file a civil proceeding in the nature of an ineffective assistance claim here via 28 U.S.C. § 2255. And Hardimon, who remains free on bond pending designation to a Bureau of Prisons facility, is not even a "prisoner *in custody* under sentence of a court established by an Act of Congress," so any § 2255 habeas petition would be premature at this point, even if the named Defendants *had* represented him in the criminal case before the undersigned Judge.

If Hardimon has any legitimate gripe against his former counsel (quite a stretch on the record before this Court but a question the undersigned Judge does not address), his only relief might be a state court lawsuit for professional malpractice. Without doubt, however, it is *not* a federal civil rights action.

As to Hardimon's second set of allegations – all of which center on the actions purportedly taken by federal agents and investigators during the criminal investigation – the complaint alleges zero connection between those and the two named Defendants. Like the allegations of sub-par legal representation, the complaint alleges no *federal* claim or *federal* cause of action against the only named Defendants (attorneys

pg. 5

Brockman and Stiehl). Plaintiffs have pled, and the record reveals, no basis for subject matter jurisdiction in this United States District Court.

Assuming, arguendo, that a basis for federal subject matter jurisdiction did exist, the complaint would not survive review under § 1915(e)(2). As mentioned above, that section requires the Court to dismiss a case if:

> (A) the allegation of poverty is untrue; or
> (B) The action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

The undersigned Judge is familiar with Plaintiff Hardimon from the prior criminal case in which Hardimon was the named Defendant (Case No. 10-cr-30170-MJR). In that case, Hardimon waived indictment, pled guilty to a 15-count information (charging health care fraud and money laundering), was sentenced, and is set for a final restitution hearing on June 10, 2011. The undersigned Judge conceivably could credit the allegations of indigence made in Hardimon's IFP motion,[3] but the analysis would not end there. If this Court overlooked several troubling matters in Hardimon's pleadings[4] and liberally construed the complaint against Brockman and Stiehl, the undersigned would conclude it fails to state a claim upon which relief can be granted.

---

[3] As mentioned above, the IFP motion was signed by Hardimon alone and framed in terms of his financial assets and debts alone, seemingly ignoring the fact Sarah McBride is listed on the complaint as a Plaintiff. But even if the Court overlooks this deficiency, the complaint does not clear § 1915(e)(2) scrutiny.

[4] The motion for appointment of counsel, under the statement "I declare under penalty of perjury that the foregoing is true and correct" (Doc. 3, p. 2)

Interpreted as presenting potential § 1983 claims (in keeping with the form complaint used here), Plaintiffs' complaint goes nowhere. The rule announced in *Heck v. Humphrey*, **512 U.S. 477 (1994),** would bar such claims (i.e., attacks on the validity of his underlying criminal conviction via a civil § 1983 suit) unless Hardimon's conviction was overturned or his sentence was invalidated. Moreover, neither Brockman nor Stiehl (when serving as privately retained lawyers representing Hardimon in the early stages of the criminal investigation) was acting *under color of state law* in performing their duties. Without state actors, there is no valid § 1983 claim. ***See, e.g., Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 824 (7th Cir. 2009),** *citing* ***Polk County v. Dodson*, 454 U.S. 312, 325 (1981);** *Case v. Milewski*, **327 F.3d 564, 566 (7th Cir. 2003).**

Similarly, any attempt at construing the complaint as presenting *Bivens* claims fails. Brockman and Stiehl were not acting under any *federal authority* when representing Hardimon. *See, e.g., Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, **403 U.S. 388, 389 (1971);** *Fries v. Helsper*, **146 F.3d 452, 458 (7th Cir.),** *cert. denied*, **525 U.S. 930 (1998);** *Simmons v. Sacramento County Superior Court*, **318 F.3d 1156, 1161 (9th Cir. 2003).**

The complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief against Brockman or Stiehl which is "plausible on its face."

---

bears no signature at all. And Plaintiffs failed to fill in the section requiring them to list efforts made to find an attorney to represent them in this case (Doc. 3, p. 1). Moreover, the IFP motion incorrectly omits all information regarding prior lawsuits in this court, *falsely* suggesting that no such lawsuits exist, despite the fact Hardimon filed four civil lawsuits in May of this year (Doc. 1, p. 4).

*Bonte v. U.S. Bank, NA*, 624 F.3d 461, 463 (7th Cir. 2010), *citing Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Stated another way, assuming the well-pled factual allegations of Plaintiffs' complaint to be true, the Court would have to conclude that those allegations do not "plausibly give rise to an entitlement to relief." *Id.*, 624 F.3d at 466. But the Court need not and does not take that step, cognizant that it lacks subject matter jurisdiction to issue a merits-based ruling.

Plaintiffs' complaint does not identify, and this Court cannot discern, any basis for federal subject matter jurisdiction over the allegations against the named Defendants herein. Accordingly, this Court **DISMISSES** the above-captioned action for lack of subject matter jurisdiction. Dismissal shall be without prejudice to filing in a court of competent jurisdiction.

IT IS SO ORDERED.

DATED June 7, 2011.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge